IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS CALDERON TIRADO, | ) |
| | ) |
| Plaintiff, | ) Case No.: 14-1788 |
| | ) |
| v. | ) |
| | ) DEMAND FOR JURY |
| WAL-MART PUERTO RICO, INC.; DOES 1 through 10, inclusive | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

TO THE HONORABLE COURT:

Now comes the Plaintiff Luis Calderon Tirado (Calderon), by and through his attorney Juan A. Albino Gonzalez, and complains of Defendants Wal-Mart Puerto Rico, Inc. (Wal-Mart) and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

**1.** The present action is lodged against the Defendants Wal-Mart and DOES 1 through 10, seeking damages, and injunctive relief for violation of the constitutional guarantee to equal protection of the laws, for violation of the American With Disabilities Act, for violation of the Civil Rights Act, for violation of the Rehabilitation Act, for violation of the Puerto Rico Civil Rights Act, and for violation of the Puerto Rico Civil Code and laws.

**2.** Calderon brings this action pursuant to and under the provisions 42 U.S.C. §§ 12101 et. seq.; 29 U.S.C. §794; 42 U.S.C. §2000d et. seq.; 1 L.P.R.A. §§ 13 et. seq.; and 31 L.P.R.A. § 5141; 29 L.P.R.A. §194 et. seq.

**3.** Jurisdiction of this matter is conferred upon the Court by 28 U.S.C. §§ 1331 and 1343. This court has supplemental jurisdiction over the related state claims herein under 18 U.S.C. § 1367 in that these claims form part of the same case and controversy as the federal claims herein;

**4.** Venue lies in the District Court of Puerto Rico pursuant to 28 U.S.C. § 1391(b);

## II. PARTIES

**5.** Plaintiff is physically disabled, a resident of Rio Grande, Puerto Rico and was a part time regular employee in Wal-Mart for over a year. Calderon suffers from a permanent physical limitation in his right hand. Specifically his fingers have permanent nerve damage and ruptured tendons.

**6.** Defendant Wal-Mart is an entity organized under the laws of Puerto Rico, with the capacity to sue and be sued, which is or was at the time of the incident the employer of the plaintiff and the owner of the Wal-Mart store where plaintiff worked. Wal-Mart employs over 500 employees for each working day during each of 20 or more calendar workweeks in the current and preceding calendar year.

**7.** Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 10, inclusive, are ascertained

## III. FACTUAL ALLEGATIONS

**8**. Calderon worked as a part time regular employee in Wal-Mart for approximately a year and a month.

**9.** Calderon is qualified a disabled employee within the meaning of the American with

Disabilities Act, suffering a permanent physical damage in his right hand, condition that substantially limits his ability to engage in one or more major life functions.

**10.** Calderon's disabilities were known to supervisory officials at Wal-Mart, and he is regarded as having this impairment affecting one or more major life functions.

**11.** Calderon is an otherwise qualified individual in that he has the requisite skills experience and education to perform the essential functions of the positions he has held within Wal-Mart.

**12.** Calderon started working in the stock room in the Wal-Mart of Plaza Escorial in Carolina, P.R. on August 15, 2012.

**13.** Since the beginning of his employment, Calderon requested reasonable accommodation for his disability. On February 22, 2013, Calderon requested reasonable accommodation through an official written form which included a medical certificate. Calderon's physician informed Wal-Mart of Calderon's limitation in performing physical tasks that involved manual work. With this accommodation, Calderon would be fully able to perform work without adversely affecting his physical condition.

**14.** In March of 2013, Calderon suffered an accident at work in Wal-Mart, while performing manual labor due to his physical limitation in his right hand.

**16.** Calderon went to the State Insurance Fund ("Fondo del Seguro del Estado") to receive the appropriate assistance and treatment for his injured hand.

**17.** The State Insurance Fund treated Calderon and prepared an evaluation report recommending rest.

**18.** On June 27, 2013, the State Insurance Fund prepared a letter for Calderon's employer, notifying Wal-Mart of Calderon's physical disability in his right hand and requesting a

modification in Calderon's physical tasks due to his physical limitations in his right hand on behalf of Calderon.

**19.** Wal-Mart never engaged in an interactive process with Calderon at the time, nor did it take any steps to accommodate Calderon.

**20.** Calderon never received the accommodations that were recommended from the State Insurance Fund nor did Wal-Mart comply with the recommendations suggested in the letter. This severely frustrated and cause mental damages to Calderon for which he also received mental treatment in the State Insurance Fund.

**21.** While still receiving mental treatment and for his hand injury at the State Insurance Fund, and in retaliation for having gone to the State Insurance Fund, Wal-Mart fired Calderon.

**22.** Upon hearing this news, Calderon was devastated and has suffered severe mental and emotional damages.

**23.** On February 13, 2014, plaintiff filed a claim of disability discrimination with the Puerto Rico Department of Labor.

**24.** As a result of the events described herein, the Plaintiff has suffered considerable damages, including loss of past and future economic compensation for his work and significant emotional and physical sufferings, mental anguish, loss of enjoyment of life, as well as an affront to his dignity as a human being. He has required extensive medical treatment as a result of the sufferings caused by the illegal actions and omissions of the defendants and their agents.

### IV.    FIRST CAUSE OF ACTION

**25.** Plaintiff incorporates herein as if fully stated herein the allegations set forth in paragraphs **1-24** of this Complaint.

**26.** On August 18, 2014, the Equal Employment Opportunities Commission issued a right

to sue letter on behalf of the plaintiff.

**27**. The Defendants actions alleged herein were undertaken with malice and/or reckless indifference to plaintiff's federally protected rights.

**28**. The events described herein, including the failure to provide reasonable accommodation, the refusal to engage in a process to facilitate and comply with plaintiff's request for accommodation, the retaliatory actions taken against the plaintiff, and the failure to act upon the receipt of his complaints, constitute illegal disability discrimination, in violation of the laws of the United States, for which the plaintiff is entitled to back pay and related benefits and interests thereon, compensatory damages, as well as punitive damages, and costs, interests and attorney fees.

**29.** All Defendants respond for the damages caused by these acts.

## V.     SECOND CAUSE OF ACTION

**30.**  Plaintiff incorporates herein as if fully stated herein the allegations set forth in paragraphs **1-24** of this Complaint.

**31.** The events described herein, including the failure to provide reasonable accommodation, the refusal to engage in a process to facilitate and comply with plaintiff's request for accommodation, the retaliatory actions taken against the plaintiff, and the failure to act upon the receipt of his complaints, constitute illegal disability discrimination, in violation of the Puerto Rico law 44 of July 2, 1985, for which the plaintiff is entitled to back pay and related benefits and interests thereon, compensatory damages, as well as punitive damages, and costs, interests and attorney fees.

**32.**  All Defendants respond for the damages caused by these acts.

## VI.     THIRD CAUSE OF ACTION

33. Plaintiff incorporates herein as if fully stated herein the allegations set forth in paragraphs **1-24** of this Complaint.

34. Plaintiff was an employee who worked without a fixed term, whose highest salary was of approximately $336.00 bi-weekly.

35. Plaintiff was discharged from his employment at Wal-Mart without just cause entitling him to statutory separation pay under the laws of Puerto Rico.

36. The defendant company is responsible for the statutory separation pay.

## VII. FOURTH CAUSE OF ACTION

37. Plaintiff incorporates herein as if fully stated herein the allegations set forth in paragraphs **1-24** of this Complaint.

38. The action's described herein constitute a violation of plaintiff's rights to dignity, reputation and honor, as well as bodily and human integrity in the workplace, as established by Article II §§1, 8, and 16, entitling plaintiff to compensatory damages for his sufferings caused thereby.

## VIII. FIFTH CAUSE OF ACTION

39. Plaintiff incorporates herein as if fully stated herein the allegations set forth in paragraphs **1-24** of this Complaint.

40. The events described herein, including the failure to provide reasonable accommodation, the refusal to engage in a process to facilitate and comply with plaintiff's request for accommodation, the retaliatory actions taken against the plaintiff by firing him for going to the State Insurance Fund ("Fondo del Seguro del Estado") to receive the appropriate assistance and treatment for his injured hand, in violation of Puerto Rico law 115 of December 20, 1991, for which the plaintiff is entitled to double the back pay and related benefits and

interests thereon, double the compensatory damages, as well as punitive damages, and costs, interests and attorney fees.

.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff, Luis Calderon Tirado, respectfully requests that this Honorable Court issue judgment in his favor on all applicable causes of action in this Complaint and grant Plaintiff an award that fully compensates him for all damages proximately suffered because of the Defendants' illegal and unjust practices in an amount in excess of $1,000,000.00 (one million dollars), including:

i. that process be issued and served as provided by law requiring Defendants to appear and answer or face judgment;

ii. an order compelling the Defendants to cease and desist in its misconduct towards Plaintiff and other similarly situated employees, and requiring Defendants to abide by federal civil rights law, the American with Disabilities Act, and the applicable state laws;

iii. an order enjoining the Defendants' misconduct towards Plaintiff and other similarly situated employees, and enjoining the Defendants from further violation of the federal civil rights law, the American with Disabilities Act, and the applicable state laws;

iv. compensatory, incidental, consequential and liquidated damages and all other equitable and monetary relief as justice requires against Defendants jointly and severally;

v. punitive damages to be determined by the Court and to the extent permitted by

      law;

vi.    compensation for pain, suffering and loss of reputation;

vii.   attorney's fees, costs and expenses, including expert witness fees against Defendants jointly and severally;

viii.  prejudgment interest at the prevailing interest rate provided for by law and

ix.   any other relief permitted by law and such other forms of relief that this Court deems proper and just.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated:   October 28, 2014

                                    By: *JUAN A. ALBINO*
                                          JUAN A. ALBINO GONZALEZ
                                          Attorney for Plaintiff
                                          U.S.D.C. – P.R. #225405
                                          P.O. Box 25044
                                          San Juan, P.R. 00918-5044
                                          anibal031@gmail.com